# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| ERIC LI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18C-02-160 ALR |
| | ) | |
| GEICO ADVANTAGE | ) | |
| INSURANCE COMPANY and | ) | |
| ROBERT DEJONGH, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 16, 2019
Decided: October 7, 2019

*Upon Defendants' Motions to Strike Evidence Regarding Plaintiff's Possible Future Surgery*
**GRANTED IN PART**

## ORDER

This case involves two separate motor vehicle collisions, both involving Plaintiff Eric Li ("Plaintiff"). Defendants each filed motions to exclude testimony regarding Plaintiff's potential need for future surgery and treatment. Plaintiff opposes both motions. The Court has considered the parties' submissions; the Delaware Rules of Evidence; the facts, arguments, and legal authorities presented by the parties; and decisional law.

At the trial level, it is the role of the Court to perform a gatekeeping function with expert testimony.[1] The admissibility of expert testimony is governed by Delaware Rule of Evidence 702, which provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[2]

Delaware has adopted the *Daubert* standard to determine whether an expert has a reliable basis in the knowledge and experience of the relevant discipline.[3] Under this standard, the trial judge may consider the following factors: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether a technique has a high-known or potential rate of error and whether standards controlling its operation exist; and (4) whether the theory or technique enjoys acceptance within a relevant scientific community.[4]

---

[1] *Sturgis v. Bayside Health Ass'n*, 942 A.2d 579, 583 (Del. 2007).
[2] D.R.E. 702.
[3] *See M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 521 (Del. 1999) (adopting the *Daubert* standard as the correct interpretation of Delaware Rule of Evidence 702).
[4] *Sturgis*, 942 A.2d at 584 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993)).

In addition to the *Daubert* factors, Delaware requires the trial judge to consider an additional five-step test to determine the admissibility of expert testimony.[5] The trial judge must determine that:

(1) the witness is qualified as an expert by knowledge, skill, experience, training, or education;
(2) the evidence is relevant;
(3) the expert's opinion is based upon information reasonably relied upon by experts in that particular field;
(4) the expert testimony will assist the trier of fact to understand the evidence or determine a material fact in issue; and
(5) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[6]

"[Delaware's] case law is clear that 'when an expert offers a medical opinion it should be stated in terms of a reasonable medical probability or a reasonable medical certainty.'"[7] "A doctor cannot base [an] expert medical opinion on speculation or conjecture."[8] "A doctor's testimony that a certain thing is possible is no evidence at all"[9] because "[a] doctor's opinion about 'what is possible is no more valid than the jury's own speculation as to what is or is not possible.'"[10]

In his first expert report dated October 31, 2017, Plaintiff's first medical expert witness, Dr. Ali Kalamchi, states that Plaintiff "*may* need periodic visits for

---

[5] *Id.*
[6] *Id.*
[7] *O'Riley v. Rogers*, 69 A.3d 1007, 1011 (Del. 2013) (quoting *Floray v. State*, 720 A.2d 1132, 1136 (Del. 1998)) (quotation marks omitted).
[8] *Id.*
[9] *Oxendine v. State*, 528 A.2d 870, 873 (Del. 1987).
[10] *O'Riley*, 69 A.3d at 1011 (quoting *Oxendine*, 528 A.2d at 873).

evaluation *if* there is any change in his symptoms."[11] The first report also states that "[t]he major future cost *would be* related to surgical intervention *if* his symptoms became severe to require surgery."[12] In his second expert report dated February 22, 2018, Dr. Kalamchi states that the "[f]uture course [of treatment] *will depend on* flare-up, then he *may* need resumption of then acute conservative treatment such as physical therapy and medication."[13]

Plaintiff concedes that Dr. Kalamchi's opinions concerning the need for future surgery are not stated to a reasonable degree of medical probability.[14] Instead, Plaintiff argues that Dr. Kalamchi's opinions regarding the possibility of future surgery are admissible to support Plaintiff's claim that he will experience mental anguish over the future possible consequences of his injuries, including the possibility of future surgery.

In *O'Riley v. Rogers*, the Delaware Supreme Court held that the Superior Court abused its discretion by ordering a new trial after it had properly excluded medical expert testimony similar to Dr. Kalamchi's proposed testimony.[15] Prior to trial, the Superior Court excluded a medical expert's testimony that "it was *possible* that the plaintiff's permanent injury *might* improve *depending on* the results of

---

[11] Def. DeJongh's Mot. to Strike Ex. B, at 2 (emphasis added).
[12] *Id.* (emphasis added).
[13] Def. DeJongh's Mot. to Strike Ex. C, at 2 (emphasis added).
[14] Pl.'s Resp. to Mot. in Limine and Mot. to Strike ¶ 1.
[15] *O'Riley*, 69 A.3d at 1008.

further recommended testing."[16]  The Superior Court initially found the testimony impermissibly speculative because the testimony addressed possibilities, not reasonable medical probabilities.[17]  After the jury returned a verdict favoring the plaintiff, the defendant moved for a new trial.[18]  The Superior Court granted the defendant's motion, concluding that the disputed testimony supported the depth and credibility of the expert's opinion on the permanency of the plaintiff's injuries.[19]

The Delaware Supreme Court found that the Superior Court erred in ordering a new trial because the testimony was impermissibly speculative.[20]  The Supreme Court found that the excluded testimony did not test the credibility of the expert's opinion but instead opined about the permanency of the plaintiff's injuries based on the treatment possibilities that a medical test might reveal.[21]  Finding the Superior Court abused its discretion by ordering a new trial, the Supreme Court vacated the Superior Court's order granting the defendant's motion for a new trial and remanded the case with instructions to reinstate the original jury verdict.[22]

Similar to the testimony in *O'Riley*, Dr. Kalamchi's proposed testimony is not proper because it is speculative.  Specifically, Dr. Kalamchi's statements opine about

---

[16] *Id.* (emphasis added).
[17] *Id.* at 1009.
[18] *Id.* at 1010.
[19] *Id.*
[20] *Id.* at 1012.
[21] *Id.*
[22] *Id.*

the possible courses of treatment and costs that might arise if now-unmet conditions are satisfied in the future. Such speculative medical expert testimony is "no evidence at all."[23]

Moreover, to the extent Plaintiff seeks to offer these statements to support his claim of mental anguish, the Court finds that the testimony would "create unfair prejudice or confuse or mislead the jury."[24] Dr. Kalamchi's testimony regarding the potential need for future surgery and treatment is therefore inadmissible.

Defendant GEICO also objects to portions of proposed testimony by Plaintiff's second medical expert witness, Dr. Steven Diamond. In his narrative report dated December 8, 2017, Dr. Diamond states the following: "It has been suggested by orthopedic spinal surgery that [Plaintiff] *may* benefit, *if* his symptoms become more acute of a cervical surgical procedure to correct the defects found on MRI. I will leave this in the capable hands of Dr. Kalamchi to discuss with [Plaintiff]."[25] By his own words, Dr. Diamond does not intend to offer his own opinion as to Plaintiff's future need for surgery. In addition, these statements suffer from the same speculation defects as Dr. Kalamchi's statements. The Court

---

[23] *See Oxendine*, 528 A.2d at 873.

[24] *See Sturgis*, 942 A.2d at 584 ("Before admitting expert testimony, the trial judge must determine that . . . the expert testimony will not create unfair prejudice or confuse or mislead the jury."); *see also* D.R.E. 403.

[25] *See* Def. GEICO's Mot. in Limine Ex. C, at 3 (emphasis added). In his response, Plaintiff does not raise any opposition to GEICO's objection to this portion of Dr. Diamond's report.

therefore finds that Dr. Diamond's statements regarding the potential need for future surgery are inadmissible.

Finally, GEICO objects to the admissibility of Plaintiff's own testimony regarding his potential need for surgery. In his deposition, Plaintiff testified that his doctor told him that he "eventually . . . need[s] a surgery."[26] Plaintiff further testified that he is "not ready" to undergo surgery because he is "not prepared" and is aware of "side effects for any surgery."[27] Unlike the doctors' testimony, Plaintiff's testimony is not offered as a medical expert opinion and does not speculate about the potential consequences of unmet conditions. Moreover, the Court finds that Plaintiff's testimony satisfies the relevancy test as to his mental anguish claim.[28] However, additional context is needed to determine the testimony's admissibility and therefore the issue will be addressed when raised at trial.

**NOW, THEREFORE, this 7th day of October 2019, the Court rules as follows:**

**1. Statements by Drs. Kalamchi and Diamond regarding Plaintiff's future treatment and surgery are hereby excluded; and**

---

[26] Def. GEICO's Mot. in Limine Ex. A, at 42:8–9.

[27] *Id.* at 42:20–23.

[28] *See* D.R.E. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

2.     Testimony by Plaintiff regarding Plaintiff's future treatment and surgery shall be addressed at trial in consideration of, among other things, Delaware Rule of Evidence 403.

IT IS SO ORDERED.

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**